UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JIMMY BIRD,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE NATIONAL AERONAUTICS AND SPACE AGENCY, *et al.*,<br><br>    *Defendants.* | §<br>§<br>§<br>§<br>§      No. 4:20-cv-275<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter involves a hybrid § 301 claim pursuant to the Labor Management Relations Act ("LMRA") against Plaintiff Jimmy Bird's ("Bird") former employer and his union, Defendant International Union of Operating Engineers, Local 564 ("Union"). Pending before the Court[1] is Union's motion for summary judgment. Def.'s MSJ, ECF No. 27.[2] Plaintiff alleges that Union failed to grieve his termination. Second Am. Petit., ECF No. 1-16. Union moves to dismiss Plaintiff's claim, asserting that the hybrid § 301 claim against the Union is time barred.

---

[1] The district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 39. Defendant's motion for summary judgment is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] Plaintiff filed a response in opposition. Pl.'s Resp., ECF No. 33. Defendant filed a reply. Def.'s Reply, ECF No. 34.

1

ECF No. 27 at 5. Based on a review of the record and the applicable law, the Court recommends that the motion be granted.[3]

## I. BACKGROUND

On August 23, 2017, Plaintiff was terminated by his employer PAE Applied Technologies, LLC ("PAE") for violating the company's workplace policies. Employee Disciplinary Action Form, Ronnie Orsak Aff. Ex. N, ECF No. 27-1 at 180–81. At the time of his discharge, Plaintiff was a member of Union; and PAE and Union were parties to a collective bargaining agreement ("CBA"). Orsak Aff. ¶¶ 4–6, ECF No. 27-1 at 59; CBA, Orsak Aff. Ex. A, ECF No. 27-1 at 70–149. After his termination, Plaintiff alerted the Union and sought assistance; the Union notified Plaintiff it would file a grievance and investigate the allegations. Orsak Aff. ¶ 18, ECF No. 27-1 at 60–61; Orsak Aff. Ex. J, ECF No. 27-1 at 171–72. On September 7, 2017, Union filed a grievance on behalf of Plaintiff. Grievance, Orsak Aff. Ex. K, ECF No. 27-1 at 174; *see also* Orsak Aff. ¶ 19l, ECF No. 27-1 at 61. On September 11, 2017, the company denied the grievance; after completing its investigation,

---

[3] Defendant filed a motion to dismiss, asserting that Plaintiff's claim was barred by the statute of limitations. Def.'s Mot. Dismiss, ECF No. 25. Since Defendant's summary judgment contains substantially the same arguments, Defendant's motion to dismiss should be denied as moot. *See, e.g.*, *Williamson v. Wells Fargo Bank, N.A.*, No. 4:17-CV-00217-ALM-CAN, 2017 WL 4573694, at *1 (E.D. Tex. Sept. 26, 2017) (denying motion to dismiss as moot where motion for summary judgment argues substantially the same bases for dismissal); *King v. Bigler LP*, No. H-10-0580, 2011 WL 1542737, at *8 (S.D. Tex. Apr. 20, 2011) (finding motion to dismiss moot where motion for summary judgment adequately disposed of arguments raised in motion to dismiss).

Union decided not to proceed and withdrew the grievance. Grievance, Orsak Aff. Ex. K, ECF No. 27-1 at 174; Orsak Aff. ¶¶ 20–26, ECF No. 27-1 at 61–62. On October 6, 2017, Union notified Plaintiff by telephone that it would not proceed. Orsak Aff. ¶ 27, ECF No. 27-1 at 62. On December 22, 2017, Plaintiff filed age and disability discrimination charges against PAE with the Texas Workforce Commission and asserted that he was unable to get any assistance from Union. Orig. Petit., ECF No. 1-3. By that time, Plaintiff believed the Union had not fairly represented him. Pl.'s Depo. 154:25–155:18, ECF No. 27-1 at 195. Plaintiff filed suit against Union on July 17, 2019.[4]

Union moves for summary judgment, asserting that Plaintiff's claims are barred under the applicable statute of limitations, which requires § 301 claims against a union to be brought within six months of when the Plaintiff knew of should have known of his claim. ECF No. 27-1 at 18–21.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(a). A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." *Parrish v. Premier Directional Drilling, L.P.*, 917

---

[4] Plaintiff filed suit in state court against PAE, and later amended to add Union. Am. Orig. Petit., ECF No. 1-12. On January 23, 2020, this case was removed to federal court under 28 U.S.C. § 1442(a). Notice of Removal, ECF No. 1 at 2.

F.3d 369, 378 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes about material facts are "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Brackeen v. Haaland*, 994 F.3d 249, 290 (5th Cir. 2021) (quoting *Anderson*, 477 U.S. at 248)).

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Design, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (alteration in original) (quoting *Equal Emp't Opportunity Comm'n v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). If the movant meets its burden, the non-movant must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *LHC Grp., Inc.*, 773 F.3d at 694).

In reviewing the evidence, the Court may "not make credibility determinations or weigh the evidence." *Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). "The evidence of the non-movant is to be believed, with all justifiable inferences drawn in his favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *Liberty Lobby*, 477 U.S. at 255). However, the non-movant's burden is not satisfied with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by

4

only a 'scintilla' of evidence." *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

### III. UNION IS ENTITLED TO SUMMARY JUDGMENT

Union argues that it is entitled to judgment as a matter of law because Plaintiff's § 301 claim against it is barred by a six-month statute of limitations. ECF No. 27-1 at 17–19. Plaintiff counters that this matter should be governed by the longer Texas statute of limitations for breach of contract disputes, and that even if it is governed by a six-month statute of limitations, he satisfied the statute of limitations when he filed an Equal Employment Opportunity Commission ("EEOC") Charge with the Texas Workforce Commission ("TWC") against Union. ECF No. 33 at 6–7.

**A. The Applicable Statute of Limitations Bars Plaintiff's § 301 Claim.**

Plaintiff alleges a hybrid § 301 claim under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185. A hybrid § 301 suit comprises two distinct causes of action, one against the employer and one against the union. *Thomas v. LTV Corp.*, 39 F.3d 611, 621 (5th Cir. 1994) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 328 (1989); and *DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 164 (1983)); *Daigle v. Gulf State Utils. Co., Local No. 2286*, 794 F.2d 974, 977 (1986). Section 301 provides an employee with a federal cause of action against his

employer for breach of the collective bargaining agreement. *Thomas*, 39 F.3d at 621; *Daigle*, 794 F.2d at 977. A second cause of action against the union for breach of the duty of fair representation for mishandling the ensuing grievance-and-arbitration proceedings is implied under the scheme of the NLRA. *Thomas*, 39 F.3d at 621; *Daigle*, 794 F.2d at 977. The two causes of action are "inextricably interdependent." *DelCostello*, 462 U.S. at 164 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 66–67 (1981) (Stewart, J., concurring in the judgment)).

In a hybrid § 301 cause of action, "[t]o prevail against either the company or the union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *DelCostello*, 462 U.S. at 165 (quoting *Mitchell*, 451 U.S. at 66–67). If the employee so chooses, he may sue one defendant and not the other, but the case to be proved is the same whether one or both are sued. *Thomas*, 39 F.3d at 621 (citing *DelCostello*, 462 U.S. at 165). However, if the grievance-and-arbitration proceeding is the exclusive remedy for breach of the collective bargaining agreement, the employee may not sue his employer under § 301 until completion of the proceeding. *Daigle*, 794 F.2d at 977. The "indispensable predicate" for a § 301 action against an employer, based on a violation of a collective-bargaining agreement, is the union's breach of its duty of fair representation. *Id.* The applicable statute of limitations for hybrid § 301 is, therefore, six months, as may be found in

6

section 10(b) of the NLRA, 29 U.S.C. § 160(b). *DelCostello*, 462 U.S. at 169; *Thomas*, 39 F.3d at 622.

If the collective bargaining agreement does not provide that the grievance and arbitration procedure is the exclusive and final remedy for breach of contract claims, the employee may sue his employer under § 301 and the state statute of limitations to breach of contract claims would apply. *Daigle*, 794 F.2d at 977 (citing *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704 (1966); and *Smith v. Kerrville Bus. Co.*, 748 F.2d 1049 (5th Cir. 1984)). However, a separate fair representation suit against the union would still be governed by the six-month statute of limitations. *Id.*

Consequently, Plaintiff's fair representation claim against Union is governed in any event by a six-month statute of limitations. This statute of limitations began to run the day Union notified Plaintiff of its decision not to file a grievance, *id.*, or when Plaintiff "discover[ed], or in the exercise of reasonable diligence should [have] discover[ed], the acts that form the basis of [his] duty of fair representation claim." *Hill v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, Case No. H-18-4669, 2019 WL 4544129, at *4 (S.D. Tex. Sept. 19, 2019) (quoting *Trial v. Atchison, Topeka & Santa Fe Ry. Co.*, 896 F.2d 120, 123 (5th Cir. 1990)).

Plaintiff's invocation of the Texas statute of limitations for breach of contract disputes is without merit. In general, employees' claims against unions for failure to properly process their grievances fall under the duty of fair representation, rather

7

than any contractual duty arising from the collective bargaining agreement or other document. *See, e.g.*, *Moore v. United States Postal Serv.*, No. H-06-1611, 2007 WL 9747640, at *2 (S.D. Tex. July 30, 2007) (finding that plaintiff's assertions about the union's handling of the grievance and arbitration process invoke the union defendants' duty of fair representation).

Viewing the evidence in the light most favorable to Plaintiff, there is no genuine issue of material fact that the statute of limitations began to run no later than December 2017, when Plaintiff filed his EEOC Charge with the TWC indicating that he obtained no help from the union. EEOC Intake Questionnaire, ECF No. 27-1 at 50 ("I asked for help with the Union, and in particular, Ronnie Orsak, the business manager. I was unable to get any help or assistance from him. I believe he has personal animus against me for a matter that occurred many years ago."). Plaintiff testified that as of December 2017 he believed that Union failed to represent him fairly. Pl.'s Depo. 154:25–155:18, ECF No. 27-1 at 195. Nonetheless, Plaintiff filed suit against Union in July 2019, well beyond the six-month statute of limitations. *See* Am. Orig. Petit., ECF No. 1-12.

To avoid limitations, Plaintiff asserts that Union "failed to abide by its contractual obligation to institute the grievance process," and that he therefore had "no binding result to base his claim of unfair representation." ECF No. 33 at 6–8. This assertion is contrary to the uncontroverted facts. Union filed a grievance on

Plaintiff's behalf on September 7, 2017. Orsak Aff. Ex. K, ECF No. 27-1 at 174. What is more, Plaintiff testified that he *knew* Union had grieved his termination. Pl.'s Depo. 134:14–19, 135:19–136:1, ECF No. 27-1 at 190.

Plaintiff discovered or should have discovered Union's alleged breach of its duty of fair representation no later than December 2017. In his deposition, Plaintiff testified that he knew in October 2017 that Union had withdrawn the grievance for his unjust termination. *Id.* 145:18–146:11, 146:16–25, 148:25–149:4, ECF No. 27-1 at 192–93. Plaintiff further testified that he knew as of December 2017 that Union had not fairly represented him in his termination or in the grievance related to his termination. *Id.* 154:25–155:18, ECF No. 195; *see also* EEOC Intake Questionnaire, ECF No. 27-1 at 50. Plaintiff has presented no summary judgment evidence contesting these earlier statements.

Instead, without citing to legal authority, Plaintiff asserts that he preserved his right to file a complaint for breach of duty of fair representation by filing an EEOC Charge with the TWC against Union within the six-month statute of limitations. ECF No. 33 at 6, 8. Even if Plaintiff's contention had support in the law, this argument is frivolous. Plaintiff filed a charge with the TWC in December 2017 against his employer, not Union. *See* EEOC Intake Questionnaire, ECF No. 27-1 at 47 (Plaintiff

9

check marked the box for "employer" under "I believe that I was discriminated against by the following organization(s)").

Because there is no genuine dispute of material fact that Plaintiff discovered or should have discovered Union's alleged breach by no later than December 2017, and Plaintiff did not file suit against it until July 2019, Plaintiff's hybrid § 301 claim against Defendant is barred by the statute of limitations. Defendant is therefore entitled to summary judgment.

### B. Even if Plaintiff's Claim Was Not Barred By the Statute of Limitations, Plaintiff Has Failed to Establish that Union's Conduct was Arbitrary, Discriminatory, or In Bad Faith.

A union owes a duty of fair representation towards its members, which, if breached, "provides an exception to the general rule that courts will not entertain challenges to an arbitral decision or a grievance settlement when the collective bargaining agreement specifies that such a resolution is final." *Landry v. Cooper/T. Smith Stevedoring Co.*, 880 F.2d 846, 850–51 (1989). The duty is breached "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). This standard recognizes that a "wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents." *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372 (1990). A union retains considerable discretion in processing the grievances of its members. *Landry*, 880

F.2d at 851 (citing *Cox v. C.H. Masland & Sons*, 607 F.2d 138, 142 (5th Cir. 1979); and *Turner v. Air Transp. Dispatchers Ass'n*, 468 F.2d 297, 299 (5th Cir. 1972)). An employee has no absolute right to have his grievance taken to arbitration, *id.* (citing *Vaca*, 386 U.S. at 191), or to any other level of the grievance process, *id.* (citing *Turner*, 468 F.2d at 300). The duty of fair representation therefore imposes an obligation for a union to investigate a grievance in good faith, *id.* (citing *Abilene Sheet Metal, Inc. v. NLRB*, 619 F.2d 332, 347 (5th Cir. 1980)), and to prosecute a grievance "with reasonable diligence unless it decided in good faith that the grievance lacked merit or for some other reason should not be pursued," *id.* (quoting *Hammons v. Adams*, 783 F.2d 597, 602 (5th Cir. 1986)). A breach of the duty occurs when the union's conduct has "undermined the fairness or integrity of the grievance process." *Id.* (citing *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 567–69 (1976)).

Viewing the evidence in the light most favorable to Plaintiff, Plaintiff's conclusory allegation that he was not fairly represented in the formal grievance procedure is without merit and does not create a genuine issue of material fact as to whether Union's conduct breached its duty of fair representation. The Court finds no support in the record for Plaintiff's assessment of Union's conduct as stated in his complaint. To the contrary, the facts, as presented in the record, indicate that

Union handled Plaintiff's grievance in a reasonable, rational, and non-arbitrary manner.

In his complaint, Plaintiff also asserts that Union "fail[ed] to protect his interests pursuant to the collective bargaining agreement as recent and inherent failure to provide Plaintiff Weingarten rights."[5] ECF No. 1-16 at 6. However, Plaintiff has presented no evidence that he claimed his Weingarten rights and that they were not provided to him. To the contrary, Plaintiff testified during his deposition that when PAE terminated him, he was escorted to his truck and had no investigatory meeting. Pl.'s Depo. 114:10–15, ECF No. 27-1 at 189. Without an investigatory meeting, Plaintiff had no need for union representation pursuant to his Weingarten rights.

Moreover, the evidence shows that Union processed Plaintiff's grievance through the three-step grievance procedure outlined in the CBA and after having gathered all the available evidence, determined that PAE had just cause to terminate Plaintiff for violating company policies.[6] *See* Orsak Aff. ¶¶ 19–23, ECF No. 27-1 at

---

[5] Weingarten rights are that an employee is entitled to union representation at the company's investigation interview. *See Nat'l Labor Relations Bd. v. J. Weingarten, Inc.*, 420 U.S. 251 (1975).

[6] On September 7, 2017, Union filed a grievance on Plaintiff's behalf for his wrongful termination. Grievance, Orsak Aff. Ex. K, ECF No. 27-1 at 174; *see also* Orsak Aff. ¶ 19, ECF No. 27-1 at 61. On September 11, 2017, the company denied the grievance. Grievance, Orsak Aff. Ex. K, ECF No. 27-1 at 174; *see also* Orsak Aff. ¶ 20, ECF No. 27-1 at 61. After the denial, Union met with the company, in which the company showed Union the interview statements of two witnesses, the termination letter, and the three policies that Plaintiff violated. Orsak Aff. ¶ 21, ECF No. 27-1 at 61. After reviewing these documents, Union determined that the company had just cause to termination Plaintiff. *Id.* ¶¶ 22-23, ECF No. 27-1 at 61–62.

61–62. The evidence also shows that Union's decision not to appeal Plaintiff's grievance to arbitration was based on its investigation and the conclusions it reached from the investigation.[7][8] *See id.* ¶¶ 22–26, 28–34, 39, ECF No. 27-1 at 61–64.

Plaintiff has not presented any controverting evidence. Instead, Plaintiff testified during his deposition that Ronnie Orsak, Union's Assistant Business Manager, who assisted Plaintiff with his grievance, did not like him. Pl.'s Depo. 143:14–22, ECF No. 27-1 at 192. During his deposition, Plaintiff could not provide an example of Mr. Orsak treating him with hostility or otherwise in bad faith. *See id.* 143:23–144:4, 144:23–145:2, ECF No. 27-1 at 192. Plaintiff also alleged in

---

[7] In its investigation, Union reviewed the interview statements of two witnesses who detailed that they observed Plaintiff viewing pornography on his cellphone at work. Orsak Aff. ¶ 22, ECF No. 27-1 at 61; *see also* Statement of Erick Warner, Orsak Aff. Ex. L, ECF No. 27-1 at 176; Statement of Dominique Petteway, Orsak Aff. Ex. M, ECF No. 27-1 at 178. One witness explained that, since he had been hired, Plaintiff repeatedly said things to him that made him feel uncomfortable. Statement of Dominique Petteway, Orsak Aff. Ex. M, ECF No. 27-1 at 178. Plaintiff's actions were apparently so widely observed that he had a reputation for coming on to his co-workers. Statement of Erick Warner, Orsak Aff. Ex. L, ECF No. 27-1 at 176. Finally, the linchpin in Union's decision not to proceed with the grievance was that Plaintiff had submitted a statement admitting that he had pornography on his cellphone and that it sometimes was viewable on his phone at work. Pl.'s Statement, Orsak Aff. Ex. I, ECF No. 27-1 at 169; *see also* Orsak Aff., ECF No. 27-1 at 63 ¶ 33. Based on these facts, Union concluded that the company had just cause to find Plaintiff violated its rule against workplace harassment and that pursuing the grievance further would be futile. Orsak Aff. ¶¶ 28–34, ECF No. 27-1 at 62–64.

[8] Plaintiff did not allege in his complaint that Union breached its duty of fair representation by failing to appeal the grievance *to arbitration*; however, Defendant argues that had Plaintiff made such a pleading, Plaintiff failed to show that Union's decision not to appeal the grievance was arbitrary, discriminatory, or in bad faith. ECF No. 27-1 at 19–21. To afford Plaintiff all reasonable inferences and to construe Plaintiff's pleadings in his favor, the Court addresses this issue. Viewing the evidence in the light most favorable to Plaintiff, the Court agrees with Defendant. Defendant's decision not to appeal the grievance to arbitration was not arbitrary, discriminatory, or in bad faith, but was rather based on its investigation and the conclusions it reached from the investigation. *See* Orsak Aff. ¶¶ 22–26, 28–34, 39, ECF No. 27-1 at 61–64.

13

response to Defendant's motion for summary judgment that Union "did not take numerous other affirmative acts of representation during the relevant period" and that its breach of the duty of fair representation "includes the harassment and retaliatory acts by Defendant Union involving Plaintiff's other employer, PAE." ECF No. 33 at 7–8. Plaintiff, however, does not identify the "affirmative acts" Union failed to do or the "harassment and retaliatory acts" it imposed on Plaintiff.

Plaintiff has therefore failed to sufficiently plead or present supporting evidence suggesting that Union's conduct in handling his grievance was so far outside a "wide range of reasonableness" that its performance could be perceived as irrational or arbitrary. *See Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 66 (1991) (citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)) (A union's actions are arbitrary "only if, in light of the factual and legal landscape, it can be fairly characterized as so far outside of a 'wide range of reasonableness' . . . that it is wholly 'irrational' or 'arbitrary'"). While the Court must draw all reasonable inferences in favor of the nonmoving party, the nonmoving party cannot merely rest on conclusory allegations to establish a genuine issue of material fact. *Salazar-Limon*, 826 F.3d at 277. Instead, the nonmoving party "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *McCarty v. Hillstone Restaurant Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Morris v. Covan World Wild Moving, Inc.*, 144 F.3d 377, 380 (5th

14

Cir. 1998)). Since Plaintiff has not established the existence of a genuine issue of material fact with respect to Union's duty of fair representation, Defendant is entitled to summary judgment on the breach of the duty of fair representation claim.

## CONCLUSION

Therefore, the Court **RECOMMENDS** that:

1. Defendant's Motion to Dismiss, ECF No. 25, should be **DENIED AS MOOT**.

2. Union's Motion for Summary Judgment, ECF No. 27, should be **GRANTED**.

3. Plaintiff's case against Union should be **DISMISSED WITH PREJUDICE**.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on January 18, 2022, at Houston, Texas.

*Dena Palermo*
**Dena Hanovice Palermo**
**United States Magistrate Judge**