UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMY BIRD, | § § § | |
| *Plaintiff,* | § § | No. 4:20-cv-275 |
| v. | § § | |
| THE NATIONAL AERONAUTICS AND SPACE AGENCY, *et al.*, | § § § § | |
| *Defendants.* | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an employment discrimination case. Plaintiff Jimmy Bird ("Bird") sued his employer, Defendant PAE Applied Technologies, LLC ("PAE"), pursuant to the Texas Commission on Human Rights Act ("TCHRA"). Plaintiff alleges that PAE discriminated against him based on his age and disability when Defendant terminated him. Pl.'s Second Am. Petit., ECF No. 1-16. Pending before the Court[1] is PAE's motion for summary judgment, asserting that Plaintiff has failed to establish a *prima facie* case of employment discrimination. ECF No. 26. Based on a thorough review of the briefing, record, and applicable law, the Court recommends

---

[1] The district judge before whom this case is pending referred it for all pretrial purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 39. Defendant's motion for summary judgment is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

that the motion be granted.[2]

## I. BACKGROUND

Plaintiff is a man in his seventies who worked as a PAE plant operator for over twelve years. Second Am. Petit. ¶¶ 9, 11, ECF No. 1-16 at 2. On August 23, 2017, PAE terminated Plaintiff for cause because he violated PAE's workplace policies. Employee Disciplinary Action Form, ECF No. 26-3. Plaintiff filed suit against PAE for age and disability discrimination pursuant to the TCHRA. Pl.'s Orig. Petit., ECF No. 1-3; *accord* Pl.'s Am. Orig. Petit., ECF No. 1-12.

PAE moves for summary judgment, asserting that Plaintiff failed to establish

---

[2] The Court has supplemental jurisdiction to hear the state law claims against PAE pursuant to 28 U.S.C. § 1367. Plaintiff filed his original TCHRA discrimination claims against PAE in state district court. Pl.'s Orig. Petit., ECF No. 1-3. Plaintiff amended to assert state law discrimination claims against PAE and the National Aeronautics and Space Agency ("NASA"), and a hybrid § 301 claim under the Labor Management Relations Act against his union, International Union of Operating Engineers, Local 564. Notice of Removal, ECF No. 1 at 1–2; Pl.'s Am. Orig. Petit., ECF No. 1-12. NASA removed the case because a suit against a federal agency provides a basis for removal under 28 U.S.C. § 1442(a). ECF No. 1 at 2. NASA was subsequently dismissed. Order, ECF No. 22. In the context of section 1442(a) removal, the Fifth Circuit has held that dismissal of the federal defendant does "not deprive the district court of power to entertain the remaining state law controversy." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2012 WL 1448132, at *7 (E.D. La. Apr. 16, 2012) (quoting *IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. 1982)). This is because section 1442(a) permits removal of the entire case, not just the claims that serve as a basis for removal, and "creates a species of ancillary jurisdiction over the nonfederal elements of the case." *Id.* (quoting *IMFC*, 676 F.2d at 158). The concept of ancillary jurisdiction discussed in *IMFC* has been codified by federal statute as supplemental jurisdiction. *Mill Invs., Inc. v. Brooks Woolen Co.*, 797 F. Supp. 49, 51–52 (D. Me. 1992) (citing 28 U.S.C. § 1367). The Court has discretion under section 1367(c) to remand the case to state court once the removing defendant is no longer in the case. Here, Plaintiff asserted a § 301 claim against his union, so the Court had federal jurisdiction over that claim. No party has asked the Court to remand the state law claims against PAE, over which the Court has supplemental jurisdiction.

a *prima facie* case of age and disability discrimination, and that even if he was able to establish a *prima facie* case, PAE terminated Plaintiff for legitimate, nondiscriminatory reasons, and Plaintiff cannot demonstrate that these reasons were pretextual. ECF No. 26 at 8–16. Plaintiff opposes the motion. ECF No. 31.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. FED. R. CIV. P. 56(a). A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes about material facts are "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Brackeen v. Haaland*, 994 F.3d 249, 290 (5th Cir. 2021) (quoting *Anderson*, 477 U.S. at 248)).

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Design, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (alteration in original) (quoting *Equal Emp't Opportunity Comm'n v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)). If the movant meets its burden, the non-movant must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine

3

issue for trial." *Id*. (quoting *LHC Grp.*, 773 F.3d at 694).

In reviewing the evidence, the Court may "not make credibility determinations or weigh the evidence." *Wells v. Minnesota Life Ins. Co.*, 885 F.3d 885, 889 (5th Cir. 2018) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). "The evidence of the non-movant is to be believed, with all justifiable inferences drawn in his favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *Liberty Lobby*, 477 U.S. at 255). However, the non-movant's burden is not satisfied with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). The Court may also not, "'in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts' to survive summary judgment." *Id.* (quoting *Little*, 37 F.3d at 1075).

## III.  DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

The TCHRA prohibits an employer from committing an "unlawful employment practice" against an employee "because of" the employee's "race, color, disability, religion, sex, national origin, or age." TEX. LAB. CODE ANN. § 21.051. Regarding age discrimination, the TCHRA protects employees who are "40 years of age or older." *Id.* § 21.101. Generally, an employer commits an unlawful

4

practice "because of" an employee's age or disability if the employee's age or disability was "a motivating factor" for the practice, "even if other factors also motivated the practice." *Id.* § 21.125(a).

### A. Plaintiff's Disability and Age Discrimination Claims Fail As A Matter of Law.

PAE contends that Plaintiff has failed to establish through competent summary judgment evidence his *prima facie* case of employment discrimination under the TCHRA, and that, even if he did, Plaintiff has not established that Defendant's reasons for terminating Plaintiff were pretextual. ECF No. 26 at 8–16. Plaintiff argues that there are genuine issues of material fact as to whether similarly situated employees received more favorable treatment than he did and whether Defendant's reasons were pretextual. ECF No. 31 at 9–12.

#### 1. *The McDonnell Douglas burden-shifting framework applies to cases brought under the TCHRA.*

Although Plaintiff's claims of age and disability discrimination arise under Texas state law, Texas courts rely on federal anti-discrimination law for guidance. *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001) ("[A]nalogous federal statutes and the cases interpreting them guide our reading of the TCHRA."). For purposes of a discrimination claim under the TCHRA, a plaintiff can prove discriminatory intent with direct evidence of what the defendant did or said or with circumstantial evidence under the burden-shifting analysis set forth in *McDonnell*

5

*Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012)).

Under the *McDonnell Douglas* burden-shifting framework, the plaintiff must first present a *prima facie* case of discrimination. *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). If the plaintiff can make out a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. *Id.* at 363–64 (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003)). If the defendant offers such a justification, the burden then shifts back to the plaintiff to establish that each of the defendant's proffered reasons is simply a pretext for discrimination. *Id.* at 364 (citing *Manning*, 332 F.3d at 881). The plaintiff may carry his burden by showing either that a discriminatory motive more likely motivated the employment decision or that the employer's explanation is unworthy of credence. *Id.* (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)).

At the pretext stage, the question on summary judgment is whether there is a conflict in substantial evidence. *See Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). Pretext is not established if the plaintiff creates only a weak issue of fact as to whether the defendant's reasons are untrue, and there is "abundant and uncontroverted independent evidence that no discrimination . . . occurred." *Reeves*

*v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). "In the Rule 56 context, a prima facie case of discrimination plus a showing that the proffered reason is pretextual is typically enough to survive summary judgment." *LHC Grp.*, 773 F.3d at 694.

### 2. *Plaintiff failed to establish a prima facie case of disability discrimination.*

To establish a *prima facie* case of disability discrimination under the TCHRA, Plaintiff must show that (1) he has a "disability;" (2) he was "qualified" for the job; and (3) he suffered an adverse employment decision because of his disability. *Metro. Transit Auth. of Harris Cty. v. Carter*, No. 14-19-00422-CV, 2021 WL 126687, at *6 (Tex. App.—Houston [14th Dist.] Jan. 14, 2021, no writ) (mem. op.) (citing *Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 433 (Tex. App.—Houston [1st Dist.] 2016, writ denied)); *accord LHC Grp.*, 773 F.3d at 695 (following *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999), requiring the employee to prove that he was subject to an adverse employment decision on account of his disability but not that he was replaced by or treated less favorably than someone not disabled).

If a plaintiff is not in fact "disabled," he may still state a claim if he is "regarded as" having an impairment that substantially limited one or more major life activities. *Columbia Plaza Med. Ctr. of Fort Worth Subsidiary, L.P. v. Szurek*, 101 S.W.3d 161, 167 (Tex. App.—Fort Worth 2003, writ denied) (quoting Tex. Lab.

7

CODE ANN. § 21.002(6)). An employee is regarded as having a substantially limiting impairment under the TCHRA if his or her employer mistakenly believes that (1) the employee has a physical impairment that substantially limits one or more major life activities, or (2) an actual, non-limiting impairment substantially limits one or more major life activities. *Union Carbide Corp. v. Mayfield*, 66 S.W.3d 354, 367 (Tex. App.—Corpus Christi 2001, writ denied).

Here, the parties do not dispute that Plaintiff was qualified for the position of plant operator and that he suffered an adverse employment action when PAE terminated him. ECF No. 26 at 8 n.7; ECF No. 31 at 9; *see Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 557 (S.D. Tex. 1999) (noting that termination is an adverse employment action under the TCHRA). However, the parties dispute whether Plaintiff was either disabled or regarded as having a disability and that PAE terminated him because of that disability or perceived disability.

i. *Plaintiff has not shown he was disabled.*

Viewing the evidence in the light most favorable to Plaintiff, he has not shown that he was disabled while employed with PAE. In deposition, Plaintiff testified that he did not have a disability during his employment with PAE and that his only disability—that he is presently confined to a wheelchair—occurred after his employment ended. Pl.'s Depo. 16:18–22, 17:5–7, 23:2–4, ECF No. 26-1 at 6–7, 10. Based on this admission, Plaintiff cannot establish that he was disabled when he

worked for PAE.

In his response to PAE's motion, however, Plaintiff *now* argues that he had lumbar stenosis and that condition qualified as a disability. ECF No. 31 at 12. Plaintiff apparently was diagnosed and treated for lumbar stenosis in 2012 while he was still employed with PAE. ECF No. 31-1 at 23–24, 28–36.[3] Plaintiff's argument, however, fails to carry his burden at summary judgment. Plaintiff does not articulate—or provide any proof of—how this impairment impacted his life, beyond a conclusory allegation in his response brief that "[his] condition qualified as a physical impairment that greatly limited his major life activities, since he was being treated for Lumbar Stenosis w/o neurogenic claudication." ECF No. 31 at 12. "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Bank of Am., Nat'l Ass'n v. Stauffer*, No. 4:14-CV-2765, 2017 WL 4012857, at *5 (S.D. Tex. Sept. 11, 2017) (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)). Plaintiff may not rely upon mere allegations "without setting forth specific facts establishing a genuine issue worthy of trial." *Id.* (quoting *Topalian*, 954 F.2d at

---

[3] Plaintiff's evidence consists of medical records that have not been authenticated. PAE has moved to strike this evidence. ECF No. 35 at 5. The Court agrees that this evidence is not adequate summary judgment proof. *See* FED. R. EVID. 901(a), 902(11), 803(6). Summary judgment must be based on admissible content and "it goes without saying that evidence must be authenticated before it is admissible." *Allen v. Hays*, 812 F. App'x 185, 193 (5th Cir. 2020). Authentication is a low burden requiring a showing that the evidence is what the proponent claims it is. *Id.*; FED. R. EVID. 901(a). The medical records could easily be authenticated, but even if they were, Plaintiff has failed to demonstrate how this condition constitutes a disability.

1131).

       ii. *Plaintiff has not shown he was regarded as disabled.*

  Again, viewing the evidence in the light most favorable to Plaintiff, he has not shown that PAE regarded him as having a disability. During his deposition, Plaintiff did not know what disability PAE believed he had, and he could not remember anyone at PAE discussing his perceived disability. Pl.'s Depo. 17:5–7, 101:20–102:7, ECF No. 26-1 at 7, 30–31. Plaintiff testified that he did not remember any supervisors ever telling him they were afraid to let him do his job because of any disability or preventing him from doing any task or aspect of his job because of a perceived disability. *Id*. 35:24–36:1 ECF No. 26-1 at 15–16. When asked why he believed PAE perceived him as disabled, Plaintiff responded: "Because they wanted to fire me." *Id.* 17:25–18:2, ECF No. 26-1 at 7–8. Plaintiff also testified that he thought PAE "believed" he had a disability because John Overbeck ("Overbeck"), a former union steward, "told him." *Id.* 18:3–16, ECF No. 26-1 at 8. Plaintiff testified that other union representatives told him as well, but he could not remember the names of these other people. *Id.* 18:15–19, 18:24–19:1, ECF No. 26-1 at 8–9.

  Plaintiff's testimony is insufficient to raise a genuine issue of material fact. He attributed the only potentially damaging statement to Overbeck, who was a union representative. There is no showing that Overbeck worked for PAE or had any input into the decision to terminate Plaintiff. When a plaintiff offers remarks as

10

circumstantial summary judgment evidence of discrimination, he must show that the speaker had primary responsibility for the adverse action or had influence or leverage over the person with that responsibility. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012). Plaintiff has offered no evidence that would allow attribution of the union representative's purported statement to PAE.[4]

In response to Defendant's motion for summary judgment, Plaintiff produced an unsigned, unsworn, unwitnessed statement purportedly from Overbeck, the former union steward. ECF No. 31-1. This unsworn and unsigned statement, however, is insufficient to create a genuine issue of material fact as to Plaintiff's disability.[5] Not only does the statement fail to mention discrimination based on Plaintiff's disability or perceived disability, but, even if it did, such an unsworn statement would not qualify as competent summary judgment evidence. "It is a settled rule in [the Fifth Circuit] that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). There is a limited exception that "permits unsworn

---

[4] Moreover, Plaintiff's repeating of Overbeck's statement is inadmissible as summary judgment evidence as it contains two levels of hearsay for which Plaintiff has not provided exceptions. *See* FED. R. CIV. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); FED. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

[5] PAE has moved to strike this unsworn statement that purports to be from Overbeck as well as Plaintiff's unsworn statement. ECF No. 35 at 4–5. Defendant objects, asserting that neither is sworn and made under penalty of perjury or verified as true and correct under penalty of perjury. *Id.* Plaintiff has not responded to this argument or sought to revise these unsworn statements.

11

declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'" *Id.* (quoting 28 U.S.C. § 1746). However, Overbeck's purported statement was neither made "under penalty of perjury" nor verified as "true and correct," and therefore does not fit the exception.

Since Plaintiff has not raised a genuine issue of material fact as to the elements of his claim for disability discrimination, Defendant is entitled to summary judgment on this count. Plaintiff has not shown that he was disabled or regarded as having a disability during his employment with PAE, and he has not produced competent summary judgment evidence to raise a genuine issue of material fact as to this element of his claim.

### 3. *Plaintiff failed to establish a prima facie case of age discrimination.*

To establish a *prima facie* case of age discrimination under the TCHRA, Plaintiff must show that (1) he was a member of the protected class (that is, 40 years of age or older); (2) he was "qualified" for the job; (3) he was terminated by his employer; and (4) he was either replaced by someone younger or otherwise treated less favorably than others who were similarly situated but outside the protected class. *Tex. Tech. Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020).

The parties do not dispute that Plaintiff was over 40 years of age, "qualified"

for the position of plant operator, and suffered an adverse employment action when PAE terminated him. ECF No. 26 at 10 n.23; ECF No. 31 at 9; *see Martin*, 65 F. Supp. 2d at 557. However, they dispute whether Plaintiff was terminated because of his age.

Viewing the evidence in the light most favorable to Plaintiff, he has not shown that he was discharged based on his age. During his deposition, Plaintiff testified that no one at PAE told him he was terminated because of his age. Pl.'s Depo. 24:17–18, 78:16–19, ECF No. 26-1 at 11, 26. Plaintiff stated that someone asked him when he was going to retire, but he could not remember who asked him. *Id.* 38:17–20, ECF No. 26-1 at 17. Plaintiff further stated that he had no evidence of discrimination other than someone asking him when he was going to retire. *Id.* 45:17–19, 104:11–13, ECF No. 26-1 at 19, 32. The purported Overbeck unsworn statement recounts that he "heard P.A.E. management and Ronnie Orsak (Union Representative) discussing the potentiality of Jimmy's retirement." ECF No. 31-1 at 2. Even if the Court were to consider Overbeck's purported statement as competent summary judgment evidence, this evidence does not suffice to raise a genuine issue of material fact. Neutral comments about an employee's potential retirement are not sufficient to demonstrate discriminatory intent or pretext. *See McMichael v. Transocean Offshore Deepwater Drilling*, 934 F.3d 447, 458 (5th Cir. 2019) (holding that commenting on an employee's eligibility for retirement raises no fact issue of pretext

13

under the circumstantial evidence standard of *McDonnell Douglas*); *see also Tex. Tech. Univ. Health Scis. Ctr.-El Paso*, 612 S.W.3d at 313 (Texas Supreme Court collecting cases analyzing comments about retirement in age discrimination cases).

To the contrary, Plaintiff admitted that PAE promoted him to step up chief when he was in the protected age group. *Id.* 97:7–16, ECF No. 26-1 at 29. Moreover, when PAE hired him, Plaintiff was either 59 or 60 years old, "well within the protected group." *Id.* at 13–14. When a plaintiff was in the protected group when hired, his age discrimination case is "weak." *Hudgens v. Univ. of Texas MD Anderson Cancer Ctr.*, 615 S.W.3d 634, 646 (Tex. App.—Houston [14th Dist.] 2020, no writ).

In his response to the motion for summary judgment, Plaintiff claims Benjamin Paul Harrison[6] ("Harrison") is a comparator to show that he was treated less favorably than others who were similarly situated but outside the protected class. ECF No. 31 at 10. Plaintiff's response alleges that Harrison was under 40 years of age, had a "bad habit" of inappropriate conduct, was not subjected to a disciplinary investigation, and Plaintiff's supervisor dismissed his concerns about Harrison. *Id.* Plaintiff makes these same allegations in a statement attached to his response brief. Pl.'s Aff., ECF No. 31-1 at 6.

Plaintiff's allegations, however, fail to raise a genuine issue of material fact.

---

[6] Plaintiff incorrectly identifies Harrison as "Paul Harrison."

14

First, Plaintiff's affidavit does not meet the requirements for competent summary judgment evidence. Rule 56(c)(4) states that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Although the statement is notarized, there is no indication that the statement was sworn or made "under penalty of perjury" and verified as "true and correct." *See Nissho-Iwai Am. Corp.*, 845 F.2d at 1306 (quoting 28 U.S.C. § 1746). Further, the statement contains Plaintiff's opinions, which would not be admissible in evidence, and information outside of Plaintiff's personal knowledge, such as Plaintiff's allegations that other employees were not investigated or disciplined. *See* FED. R. CIV. P. 56(c)(4). "[A] party's otherwise unsupported, conclusional testimony [cannot] create a factual dispute sufficient to defeat a motion for summary judgment." *Hathcock v. Acme Truck Lines, Inc.*, 262 F.3d 522, 526–27 (5th Cir. 2001).

Even if the Court were to consider Plaintiff's affidavit as competent summary judgment evidence, the affidavit does not include Harrison's position, disability status, or other information necessary to determine if he is similarly situated. In fact, contrary to Plaintiff's allegation, Harrison is 63 years of age, bringing him within the protected class. *See* Decl. of Janis Roderman ¶ 4, ECF No. 35-1 at 2. Plaintiff also never reported Harrison's misconduct. Pl.'s Aff., ECF No. 31-1 at 6 ("Mr. West

15

tried to get me to go to HR with this. I would not because of retaliation."). Where Harrison is also a member of the protected class and his alleged misconduct was never reported, Plaintiff has failed to proffer evidence of a "nearly identical" comparator to establish that he was treated less favorably for similar conduct. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221–22 (5th Cir. 2001) (Plaintiff, who was pregnant, failed to rebut Defendant's proffered reasons where she was unable to provide evidence that a non-pregnant nurse falsifying a patient's record received more favorable treatment).

Since Plaintiff has not raised a genuine issue of material fact as to the elements of his claim for age discrimination, Defendant is entitled to summary judgment on this count. Plaintiff has not shown that he was either replaced by someone younger or otherwise treated less favorably than others who were similarly situated but outside the protected class, and he has not produced competent summary judgment evidence to raise a genuine issue of material fact as to this element of his claim.

> **4. Even if Plaintiff established a prima facie case of employment discrimination, Defendant terminated Plaintiff for legitimate, nondiscriminatory reasons and Plaintiff is unable to demonstrate that these reasons are pretextual.**

Under the *McDonnell Douglas* burden-shifting framework, once a claimant establishes his or her *prima facie* case, the burden of production shifts to the employer to put forth a legitimate, nondiscriminatory reason for its employment action. *Haire*, 719 F.3d at 363–64 (citing *Manning*, 332 F.3d at 881). Even assuming

Plaintiff established a *prima facie* case, PAE showed that it terminated Plaintiff because "(1) two employees witnessed Plaintiff viewing pornographic images on his personal cellphone at work in violation of PAE policies; (2) Bird made sexual gestures . . . towards other co-workers in violation of PAE's policies; and (3) Bird called another employee by inappropriate and unprofessional names in violation of PAE's policies." ECF No. 26 at 12 (citing ECF Nos. 26-2, 26-3, 26-4, 26-5). Defendant's proof showed that Plaintiff's conduct violated PAE's written policies. *Id.* at 13. PAE has met its burden of production.

If the employer can offer a justification, the burden of persuasion then shifts back to the claimant to establish that each of the proffered reasons is simply a pretext for discrimination. *Haire*, 719 F.3d at 364 (citing *Manning*, 332 F.3d at 881). "At summary judgment, '[e]vidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive.'" *LHC Grp.*, 773 F.3d at 702 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

Plaintiff did not present any evidence that suggested he did not violate PAE policies. Instead, the uncontroverted evidence established the contrary. In a written statement provided to PAE during its investigation, Plaintiff admitted that he stored pornography on a cellphone he used at work and that pornographic images have

displayed on his cellphone at work. Pl.'s Statement, ECF No. 26-6. Without responding to this evidence, Plaintiff argues that PAE failed to fully conduct a reasonable investigation into his misconduct and failed to fully investigate any of his allegations. ECF No. 31 at 11–12. However, Plaintiff never identified which of his allegations were not investigated and testified during his deposition that he did not report several people who he believed engaged in similar misconduct. Pl.'s Depo. 92:22–23, ECF No. 26-1 at 27.

Because Plaintiff did not provide evidence showing any of PAE's proffered reasons were false or unworthy of credence, Plaintiff did not establish a genuine dispute of material fact as to whether these reasons were a pretext for discrimination. *See Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 765–66 (5th Cir. 2016) (holding that where plaintiff did not provide evidence showing any of employer's reasons were false, plaintiff did not establish a genuine dispute of material fact as to whether these reasons were pretextual). Therefore, PAE is entitled to summary judgment on Plaintiff's age discrimination claim.

### B. Plaintiff's Reasonable Accommodation Claim Fails.

In his second amended complaint, Plaintiff alleged that Defendant refused to provide a reasonable accommodation for his disability. Pl.'s Second Am. Petit. ¶ 31, ECF No. 1-16 at 4. Plaintiff renews this allegation in his response brief. ECF No. 31

at 12 ("The Plaintiff further asserts that the Defendant was hesitant in granting him reasonable accommodation.").

To establish a "reasonable accommodation" claim, a plaintiff must show that (1) he has a "disability," (2) an employer covered by the statute had notice of his disability, (3) with "reasonable accommodations" he could perform the "essential functions" of his position, and (4) the employer refused to make such accommodations. *Adams v. Artco-Bell Corp.*, No. 03-08-00690-CV, 2010 WL 1507796, at *2 (Tex. App.—Austin Apr. 14, 2010, no writ) (mem. op.) (citing *Davis v. City of Grapevine*, 188 S.W.3d 748, 758 (Tex. App.—Fort Worth 2006, writ denied). While the elements of a reasonable accommodation claim overlap with the elements of a disability discrimination claim to some extent, *id.*, a failure-to-accommodate claim is distinct from a claim of disability discrimination. *See* TEX. LAB. CODE ANN. § 21.051 (disability discrimination); TEX. LAB. CODE ANN. § 21.128 (reasonable accommodation).

Plaintiff has failed to make a *prima facie* case on this claim. He has admitted that he was not disabled. Pl.'s Depo. 16:18–22, 17:5–7, 23:2–4, ECF No. 26-1 at 6–7, 10. He also testified that he did not ask for any accommodations from PAE. Pl.'s Depo. 101:17-19, ECF No. 26-1 at 30. He further testified that he was fully capable of performing his job. Pl.'s Depo. 23:18-24, ECF No. 26-1 at 10. Plaintiff has cited no summary judgment evidence to support this claim. His allegations in his amended

complaint and argument in his response brief are insufficient to create an issue of fact to defeat summary judgment. *Salazar-Limon*, 826 F.3d at 277.

Because Plaintiff failed to establish a *prima facie* claim based on a failure to accommodate, PAE is entitled to summary judgment on this claim as well.

## CONCLUSION

Therefore, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgment, ECF No. 26, should be **GRANTED**. Plaintiff's case against Defendant should be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on January 26, 2022, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**